# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN CHARLES GAUTHIER, )
)
               Plaintiff, )
)
      v. )       No. CIV-05-268-S
)
BILL REYNOLDS, et. al., )
)
              Defendants.)

## ORDER

Before the court for its consideration is the Defendants' Bill Reynolds, Haskell Higgins, Scott Meachum, Ron Ward, Jim Rabon, David Heneke, and Vic. D. Williams' Motion to Dismiss/Motion for Summary Judgment with brief in support. The court rules on the motion as follows.

Plaintiff filed his Complaint in this court on June 27, 2005. On this same date, plaintiff filed a Motion to Proceed in Forma Pauperis. On August 8, 2005, an order was entered granting the Motion to Proceed in Forma Pauperis. On September 30, 2005, defendants filed a Motion to Stay Proceedings and a Request for an Order for Special Report. On October 13, 2005, an order was entered requiring a special report. The special report was filed on December 7, 2005. On this same date, defendants filed this Motion to Dismiss/Motion for Summary Judgment. On January 30, 2006, plaintiff filed an objection to defendants' motion.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections.

In his Complaint, plaintiff alleges the defendants Reynolds,

1

Higgins and Williams violated his rights when they took all of his legal materials, demoted plaintiff and transferred plaintiff to the Oklahoma State Penitentiary ("OSP").  Plaintiff also alleges that Reynolds and Higgins retailiated against him for exercising his right to access the courts.  He alleges he was transferred to OSP because of litigation against prison officials.  He also alleges that he was denied classification to lower security and that his earned credits were dropped from a level (4) to a level (1) in retailiation for filing a Civil Rights complaint.  He further claims that all of his legal materials were confiscated by officials at the Howard McLeod Correctional Center.  Plaintiff also alleges that he and another inmate were assaulted by a group of inmates at knife point and that these inmates were put up to this assault by prison officials.  He also complains that he was denied access to the law library in retailation for his jail-house lawyering.  Finally, plaintiff complains the law library is inadequate.

In Count II of his complaint, plaintiff alleges that defendants Ward and Rabon violated his rights when they made the decision to deny his classification to a lower security. In Count III, plaintiff alleges that defendants Meachum and Heneke violated his rights when the Department of Corrections removed from his trust fund account money that was to be used to pay for court-ordered costs, without an adjudication that these funds were due, and that they were never used to pay for court costs. In Count IV, plaintiff alleges defendant Ward violated his rights when they depleted his trust fund completely without good reason. Plaintiff seeks declaratory relief, injunctive relief and money damages.

### I.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

A review of the record before the court reveals that while plaintiff did file a variety of grievances, he never filed a grievance as to staff actions related to the alleged assault by

3

inmates and the allegation they were put up to the assault by the defendants. Plaintiff admits in his response that he did not file a grievance as to this incident. Further, plaintiff neither filed a grievance as to the allegations of Defendant Rabon's alleged misconduct, nor any grievance against defendant Williams. According to Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004), the plaintiff is required to accomplish total exhaustion of all claims raised in a Complaint.  Based on the decision in Ross the presence of any unexhausted claim in a plaintiff's Complaint requires the court to dismiss the entire action in its entirety.  Since plaintiff's Complaint contains unexhausted claims, the court must dismiss the entire action.

After careful review of the record before it, the court finds the plaintiff has failed to make any viable argument that he has exhausted his administrative remedies as to all of his claims.  Further, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures.  Plaintiff simply failed to exhaust his administrative remedies as to all of his claims.  The court finds the allegations made in plaintiff's Complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies.

The court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. Nietzke v. Williams, 490 U.S. 319 (1989) and Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987).  Accordingly, defendants' motion to dismiss/motion for summary judgment is hereby **GRANTED** and this

action is, in all respects, **DISMISSED**, as frivolous.

Accordingly, the defendants's Motion to Dismiss/Motion for Summary Judgment is hereby **GRANTED** and all other motions currently pending are hereby deemed **MOOT**.

**IT IS SO ORDERED** this 11th day of May, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma